

# THE ATTORNEY GENERAL
## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

August 28, 1970

Honorable Clifford Powell
County Attorney
Grayson County Courthouse
Sherman, Texas

Opinion No. M-673

Re: Article 802f, Penal Code,
and related questions.

Dear Mr. Powell:

You requested an opinion of this office concerning a suspension of an operator's license where a Defendant who has been arrested for driving while intoxicated, <u>first offense</u>, refuses to submit to a Chemical Breath Test as provided for in Article 802f, Texas Penal Code, commonly referred to as the "Implied Consent" law.

Rephrased, your questions are as follows:

1. Where, upon arrest for driving while intoxicated, first offense, a defendant refuses to take a chemical breath test and later is found guilty of misdemeanor driving while intoxicated and receives a probated sentence, is that Defendant still subject to the administrative procedure to revoke his operator's license under provisions of Article 802f, Penal Code?

2. If the Defendant refuses to take the chemical breath test upon arrest for misdemeanor driving while intoxicated and is later found guilty of said offense receiving a 12 months suspension for said offense as provided in Article 6687b, Section 24(a)(2), is a pending administrative case filed by the arresting officer for the Defendant's refusal to take the test still required?

3. If the answer to question 2 is Yes, then do the two suspensions of the driver's license run concurrently or consecutively?

1.

In answer to your first question, it is our opinion that a defendant who receives probation for the offense of misdemeanor driving while intoxicated (Article 802, Texas Penal Code), and who refuses to take the chemical breath test upon arrest as provided in Article 802f, Penal Code, is subject to the administrative proceedings of Section 22, Article 6687b, Vernon's Civil Statutes, as amended, to revoke his operator's license.

According to Section 24(a)(2), Article 6687b, the operator's license of any individual is suspended for 12 months automatically upon final conviction for the criminal offense of driving while intoxicated (Article 802, Penal Code). Attorney General's Opinions Nos. M-640, C-515, and C-685 held that an operator's license is not suspended however, where conviction for the misdemeanor offense of driving while intoxicated is probated. There is no final conviction under the Misdemeanor Probation Law, Article 42.13, Texas Code of Criminal Procedure, where a probated sentence is imposed unless the probation is revoked. Attorney General's Opinion No. M-640.

The Legislature has the right and power to enact statutes for the protection of the general public traveling the highways of Texas, and to require that the privilege of maintaining an operator's license be attendant with some obligations and responsibilities. Gaytan v. Cassidy, _____ F.Supp. ____ (W.D. Tex., 1970); Gillespie v. Texas Department of Public Safety, 152 Tex. 459, 259 S.W.2d 177 (1953) cert. denied 347 U.S. 933. Two separate Texas courts have held constitutional the procedure for hearings and appeal from administrative decisions founded under Section 22, Article 6687b. Tatum v. Texas Department of Public Safety, 241 S.W.2d 167 (Tex.Civ.App., 1951 err.ref); Forbes v. Texas Department of Public Safety, 335 S.W.2d 439 (Tex.Civ.App., 1960 writ).

Section 2, Article 802f, provides for utilization of the administrative procedures found in Section 22(a), Article 6687b, Revised Civil Statutes of Texas, as amended, which are civil and administrative in nature, generally independent of any criminal proceedings which may be instituted pursuant to other statutes or ordinances. The legislature provided in Section 2, Article 802f, that any individual shall have his license suspended if a sworn statement is filed by a law enforcement officer that he has reasonable grounds to believe that the arrested person did drive or was driving a motor vehicle upon public highways of this state while under the influence of intoxicating liquor and that the individual refused to submit to the test, and that the hearing officer finds upon hearing that probable cause existed that the individual was operating or had been operating a vehicle on the public roads of this state under the influence of intoxicating liquor.

Thus, the legislature has established an additional civil sanction of possible suspension of driver's license by administrative hearing separate and independent of the automatic suspension imposed by Section 24(a)(2), Article 6687b.[1] Article 802, Vernon's Penal Code, imposes a civil sanction even though it is found in the Penal Code.

---

[1] CAVEAT: Section 7(b), Article 42.13, Texas Code of Criminal Procedure provides that the administrative hearing may not take into account the finding of guilty after the probated case is dismissed by the court, in the following language: "After the case against the probationer is dismissed by the court, his finding of guilty may not be considered for any purpose except to determine his entitlement to a future probation under this Act, or any other probation Act."

2.

In answer to your second question, it is our opinion that a pending administrative case filed under Section 22(a), Article 6687b, by the arresting officer for the defendant's refusal to take the chemical breath test, is <u>not required</u> to be heard or brought to a conclusion or decision by the administrative agent for the Texas Department of Public Safety. Such hearing, however, <u>may be had</u> or <u>may continue</u> either after or before the defendant is found guilty under Article 802, Vernon's Penal Code, of driving while intoxicated, first offense, if the Texas Department of Public Safety wishes to suspend the operator's license.

Section 2, Article 802f, provides that upon refusal to take the chemical breath test and receipt of a sworn report as to reasonable grounds by the arresting officer the Texas Department of Public Safety or its agent <u>shall set</u> the matter for a hearing as provided in Section 22(a), Article 6687b. There is no language, either directory or mandatory, which requires the hearing to be had or to continue after it is set; neither is there any language which prohibits such hearing from taking place after a conviction for the misdemeanor offense is obtained. We are strengthened in this reasoning by the following language of Section 2, Article 802f, which invokes the maxim that the expression of a particular thing excludes the idea of something else not mentioned, or "expressio unius est exlusio alterius:"

> ". . .Provided, however, that should such person be found 'not guilty' of the offense of driving while under the influence of intoxicating liquor or if said cause be dismissed, then the Director of the Texas Department of Public Safety shall in no case suspend such persons driver's license;
> . . ."

Had the legislature intended to prohibit the Department from instituting proceedings under Section 22(a), Article 6687b, to suspend the operator's license separately and independently of the automatic suspension provided for in Section 24(a)(2) of this same Article, our opinion is that it would have specifically done so. By failing to disallow suspension of an operator's license where a guilty finding

is made the statute infers that all omissions were intended by the legislature and that the administrative proceedings are therefore maintainable. We find no basis in reason or legislative history for any contention that the implied consent law, Article 802f, Vernon's Penal Code, and the criminal offense article, Article 802, of that Code, are to be construed together to allow the guilty plea to nullify the effect and meaning of the implied consent test.

Further, such interpretation would be unconstitutional under the coercion doctrine of U.S. v. Jackson, 390 U.S. 570, (1967), for it would place a premium on guilty pleas by saying that no operator's license can be suspended under the implied consent law if the defendant pleads guilty to the criminal offense of driving while intoxicated, whether or not he receives probation. See a similar Ohio case Hoban v. Rice, 7 Cr.L. 2257, (June 25, 1970). A hearing must be held, however, to determine if probable cause exists to suspend the license and such hearing must comport with the requirements of Article 42.13(7)(a), Texas Code of Criminal Procedure, unless the operator waives his rights to a hearing and submits to the suspension voluntarily.

3.

In answer to your third question, it is our opinion that should an administrative hearing on sworn statement be held pursuant to Section 22(a), Article 6687b, any suspension may run either concurrently or consecutively or both with the automatic suspension imposed by Section 24(a)(2), Article 6687b.

Any other result would be tantamount to refusing to allow the legislature to impose additional reasonable responsibilities and obligations upon the privilege to drive the highways of this state. Simply stated, by enactment of the hearing provisions in Article 802f, under Section 22(a), Article 6687b, the legislature has provided for more than the former minimum 12 months revocation upon a finding of driving while intoxicated; whether or not that finding is by administrative or judicial decision; without regard to and independent of the character or origin of that finding, viz., civil or criminal. Whether the suspension periods run concurrently or consecutively is

left solely to the administrative discretion of the hearing officer or magistrate.

It is therefore possible that with consecutive terms of suspension, and under the proper factual circumstances, suspension of an operator's license may be for as long as a period of two years.

We view the above conclusions as properly harmonious and comporting with the legislative history, object and purpose of the statute: An attempt to provide stringent regulation for safer highway travel in the face of an increasing number of accidents caused by individuals who drive while intoxicated.

## S U M M A R Y

A defendant who receives probation for the misdemeanor offense of driving while intoxicated, under Article 802, Texas Penal Code, and who refused to take the chemical breath test upon arrest as provided in Article 802f, Penal Code, is subject to the administrative proceedings of Section 22(a), Article 6687b, V.C.S., as amended, to revoke his operator's license.

A pending administrative case filed by the arresting officer for the defendant's refusal to take the chemical breath test is not required, but may be held or brought to a conclusion, additionally suspending an individual's operator's license, where that person has been found guilty of the misdemeanor offense of driving while intoxicated and has received an automatic suspension under the terms of Section 24(a)(2), Article 6687b, V.C.S., as amended, where the Texas Department of Public Safety deems such action necessary or proper.

Should an administrative hearing be held upon refusal of an individual to submit to a chemical breath test upon arrest, any suspension of an operator's license based upon Section 22(a), Article 6687b, V.C.S., as amended, may run either consecutively or concurrently, depending upon the facts and decision of the hearing officer, with the automatic suspension imposed by Section 24(a)(2).

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Bennie W. Bock, II
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Jim Swearingen
Tom Sedberry
Rex White
Jay Floyd

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant Attorney General